DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

NOAH STERN (CABN 297476)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3713
    FAX: (510) 637-3724
    Noah.Stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 19-395 SI |
|---|---|
| Plaintiff, | ) |
| v. | ) [PROPOSED] DETENTION ORDER |
| ANEXI GAMALDO GAMEZ-MEDINA, | ) |
| Defendant. | ) |

DETENTION ORDER
CR 19-395 SI

On August 6, 2020, a Petition for Warrant for Person Under Supervision was filed, charging the defendant with violating the terms of his supervised release. Dkt. 29. On August 17, 2020, the defendant appeared before the Court for a detention hearing on the violation petition. The defendant appeared by Zoom video teleconference from Santa Rita Jail and was in custody at the time of the hearing. The defendant was represented by Sophia Whiting of the Federal Public Defender's Office. Assistant United States Attorney Noah Stern appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, the parties submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant has not met his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). Accordingly, the defendant must be detained pending resolution of the violation petition.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. As noted on the record, the Court makes the following finding as the basis for its conclusion that no condition or combination of conditions will reasonably mitigate the defendant's risk of non-appearance or his danger to the community: The defendant did not report to the Probation Office after he was released from prison for his sentence on the underlying conviction. While it may have been more difficult for him to report in the current environment, he should have known he had to do something after his release other than disappear, and there is no evidence that he tried to do anything. Further, soon after he was released he was arrested for selling drugs to an undercover officer in the Tenderloin, the same type of conduct that was the basis for his federal conviction. In light of these facts, the defendant has not carried his burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3143(a) and Federal Rule of Criminal Procedure 32.1(a)(6), IT IS

DETENTION ORDER
CR 19-395 SI                                              1

ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

DATED: August 17, 2020

_____
HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE